**In re B.J. PACKING, INC., Debtor.**

**Elizabeth VAUGHAN, Trustee, Plaintiff,**

**v.**

**THOMPSON, HINE & FLORY, Defendants.**

**Bankruptcy No. 92–3473.**
**Related Case No. 90–33607.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 9, 1993.

Donna Weaver and Renee Weaver, Toledo, OH, for plaintiffs.

David J. Naftzinger, Cleveland, OH, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Complaint to Avoid Preferential Transfer to Thompson, Hine and Flory (hereafter "Defendants") and Defendants' Answer. At the Trial, the parties were afforded the opportunity to present testimony, evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that to the extent that the transfer was made on account of an antecedent debt which Debtor incurred before the transfer was made, Plaintiff may avoid as a preference the transfer of a check made payable to Defendants by Debtor on or about October 4, 1990; and that the Plaintiff may recover, for the benefit of the estate, the amount to Thirty Nine Thousand Two Hundred Eighteen and 80/100 Dollars ($39,218.80).

### FACTS

The parties have stipulated to the following facts:

1. Defendants served as legal counsel for Debtor prior to the filing of its Chapter 7 case.

2. Upon receipt of remuneration totalling Sixty Four Thousand One Hundred Eighty Seven and 29/100 Dollars ($64,187.29), Defendants rendered a legal opinion which was relevant to a business transaction between Debtor and John Morrell & Company (hereafter "Morrell").

3. The amount paid to Defendants for its legal opinion in the Morrell transaction equals the amount due Defendants for antecedent legal services performed and billed as follows:

| | | |
|---|---|---|
| a. | April 9, 1990 | $19,277.29 |
| b. | April 30, 1990 | $20,669.62 |
| c. | May 17, 1990 | $24,240.38 |
| | | $64,187.29 |

4. Debtor was insolvent at the time that the check was issued to Defendants on October 4, 1990.

5. Debtor filed its Petition for Relief under Chapter 7 on October 17, 1990.

6. After receipt of payment, Defendants performed additional legal services with a value of Three Thousand Six Hundred Seventy Four and 74/100 Dollars ($3,674.74) for which they never received payment.

In addition to these stipulations, Richard E. Streeter, partner in Defendants' law firm, testified that as a condition precedent to the rendering of the Morrell opinion, Debtor was required to bring "relatively current" its outstanding debt. Debtor was not billed separately for services performed in conjunction with the issuance of the Morrell opinion. The entire amount paid was applied to legal services performed and billed by Defendants on April 9, 1990; April 30, 1990; and May 17, 1990.

In open court, Counsel agreed that Defendants' receipt of Sixty Four Thousand One Hundred Eighty Seven Thousand and 29/100 Dollars ($64,187.29) exceeds that which would be received under a Chapter 7 liquidation. Counsel further agreed that the amounts of Twenty One Thousand Two Hundred Ninety Three and 75/100 Dollars ($21,293.75) and Three Thousand Six Hundred Seventy Four and 74/100 Dollars ($3,674.74) constitute "new value" as defined in 11 U.S.C. § 547(a)(2). Moreover, Counsel agreed that the amount in controversy is actually Thirty Nine Thousand Two Hundred Eighteen and

80/100 Dollars ($39,218.80) [1]. Also in controversy is an additional Fifty Five Dollars ($55.00) which Plaintiff claims is attributable to services rendered for Debtor on an unrelated matter.

### LAW

#### 11 U.S.C. § 547.  Preferences

(a) In this section—

(2) "new value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation;

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

(2) to the extent that such transfer was—

(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(C) made according to ordinary business terms;

#### 11 U.S.C. § 550.  Liability of transferee of avoided transfer

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

### DISCUSSION

Proceedings to determine, avoid, or recover preferences are core proceedings under 28 U.S.C. § 157(b)(2)(E).  This Court must determine if the Thirty Nine Thousand Two Hundred Eighteen and 80/100 Dollars ($39,218.80) paid to Defendants by Debtor for

---

1.  $39,218.80 is the result of the following mathematical calculation: $64,187.29 (the amount of the check made payable to Defendants on October 4, 1990) minus the sum of $21,293.75 (value of legal services performed on Morrell transac-

tion) and $3,674.74 (value of legal services performed after receiving payment on October 4, 1990 for which Defendants did not receive payment.)

purposes of bringing its account current; and the Fifty Five and 00/100 Dollars ($55.00) purportedly attributable to other work performed by Defendants, are preferences which may be avoided and recovered by the Trustee under 11 U.S.C. § 547(b) and 11 U.S.C. § 550 respectively. As a result, this case is a core proceeding.

Pursuant to 11 U.S.C. § 547(b), Plaintiff has the burden of proving the avoidability of the transfer as a preference. In accordance with 11 U.S.C. § 547(g), Defendants have the burden of proving the nonavoidability of a transfer under Subsection (c) of 11 U.S.C. § 547. To the extent that a transfer is avoided under 11 U.S.C. § 547 as a preference, Plaintiff may recover, for the benefit of the estate, the property or value of the property transferred pursuant to 11 U.S.C. § 550.

It is uncontroverted that the transfer was made for Defendants' benefit; while Debtor was insolvent; within ninety (90) days before Debtor filed its Petition; and that Defendants received more than they would receive under a Chapter 7 liquidation. The parties' dispute centers upon whether the payment was made on account of an antecedent debt owed by Debtor before the transfer was made. Defendants argue that the payment was made for new value or services rendered on the Morrell matter, and consequently, is excepted from avoidance by Plaintiff. Plaintiff argues that the amount received should be avoided as a preference since all of the elements for avoidance under 11 U.S.C. § 547 coexist. Plaintiff also argues that under 11 U.S.C. § 550, the estate is entitled to recover the entire value transferred to Defendants since the October 4, 1990 payment was made on account of an antecedent debt.

Counsel agree that Twenty Four Thousand Nine Hundred Sixty Eight and 49/100 Dollars ($24,968.49) of the Sixty Four One Hundred Eighty Seven and 29/100 Dollars ($64,187.29) paid to Defendants on October 4, 1990 is considered new value since it is directly attributable to legal services performed in contemplation of the Morrell transaction. The amount of "new value" is comprised of Twenty One Thousand Two Hundred Ninety Three and 75/100 Dollars ($21,293.75) in fees and expenses expended during August, 1990 through October, 1990 on the Morrell case; and Three Thousand Six Hundred Seventy Four and 74/100 Dollars ($3,674.74) in services, for which Defendants never received compensation, performed on the Morrell matter after October 4, 1990. Plaintiff may not avoid this transfer to the extent that it was made to be a contemporaneous exchange for new value given to Debtor; and is in fact, a substantially contemporaneous exchange for new value.

This Court finds that Defendants conceded in open court that four (4) of the five (5) elements under 11 U.S.C. § 547(b) coexist. The only element to be demonstrated by Plaintiff is whether payment of the remaining Thirty Nine Thousand Two Hundred Eighteen and 80/100 Dollars ($39,218.80) was made for or on account of the antecedent debt owed by Debtor before the transfer. Plaintiff has established five (5) salient points which prove that the balance ($39,218.80) is not a contemporaneous exchange for new value and therefore avoidable.

First and most significantly, Mr. Streeter testified upon both direct and cross-examinations that Defendants demanded payment on Debtor's account prior to the publishing of its opinion in the Morrell transaction. Second, Defendants did not generate a new bill for services rendered in the Morrell transaction. Third, the payment made on Debtor's account balance is conspicuously equivalent to the collective amount due for invoices issued on April 9, 1990; April 30, 1990; and May 17, 1990. Fourth, the itemized statements for April 9, 1990; April 30, 1990; and May 17, 1990 reflect work which was completed for Debtor which had no relevance to the Morrell matter. Fifth, the itemized statement of Debtor's account indicates that Defendant applied the proceeds from the October 4, 1990 check to invoice amounts dated April 9, 1990; April 30, 1990; and May 17, 1990, all of which were for services unrelated to the Morrell transaction.

These five (5) factors prove that Thirty Nine Thousand Two Hundred Eighteen and 80/100 Dollars ($39,218.80) of the October 4, 1990 transaction is for or on account of an antecedent debt owed by Debtor before the transfer was made. Plaintiff has failed to

specifically prove the avoidability of the Fifty Five and 00/100 Dollars ($55.00). Except for the amount of the transfer which Plaintiff concedes constitutes new value, Defendants have failed to show the nonavoidability of any other amount in question. To the extent that a portion of the October 4, 1990 transaction was in payment of an antecedent debt, the transfer is subject to avoidance by Plaintiff under 11 U.S.C. § 547(b). Plaintiff may recover, to the extent that a transfer is avoided under Section 547, for the benefit of the estate, the property transferred or its value. Consequently, Plaintiff is entitled to recover Thirty Nine Thousand Two Hundred Eighteen and 80/100 Dollars ($39,218.80) for the benefit of the estate.

In reaching the conclusion found herein, the Court has considered the demeanor of the witness, all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that to the extent the transfer in which Debtor paid Defendants Sixty Four Thousand One Hundred Eighty Seven and 29/100 Dollars ($64,187.29) was made for or on account of an antecedent debt owed by Debtor before the transfer was made, the transfer is avoidable by Plaintiff.

**IT IS FURTHER ORDERED** that to the extent that the October 4, 1990 transaction is avoided, Plaintiff is entitled to recover from Defendants for the benefit of the estate the sum of Thirty Nine Thousand Two Hundred Eighteen and 80/100 Dollars ($39,218.80).

**IT IS FURTHER ORDERED** that Defendants shall make payment arrangements, if necessary, with Plaintiff by October 15, 1993.